UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE HART,

Plaintiff,

Case No.

v

Hon.

COUNTRYWIDE HOME LOANS, INC.,

Defendant.

_______________________________________/

**COMPLAINT AND JURY DEMAND**

Plaintiff, Michelle Hart, by and through her attorney, Vanessa G. Fluker, Esq., PLLC, states her Complaint against Defendant as follows:

1. This is an action for equitable relief and damages from a predatory mortgage loan and for failure to adhere to a Michigan state attorney general consent order and to federal laws regarding residential mortgage loan modifications.

**JURISDICTION AND VENUE**

2. Plaintiff Michelle Hart is an individual residing in the City of Southfield, County of Oakland, State of Michigan and owner of property located at 27685 Sutherland, Southfield, MI 48076.

3. Defendant Countrywide Home Loans, Inc., is a foreign for profit corporation doing business in Oakland County, State of Michigan with a registered office address of 30600 Telegraph Rd., Ste. 2345 Bingham Farms, MI 48025.

4.  The controversy involves federal questions and diversity in that the amount of damages is over $75,000. Jurisdiction is proper pursuant to 28 USC Sections 1331 and 1332.

## FACTUAL BACKGROUND

5.  Plaintiff Michelle Hart resides at 27685 Sutherland, Southfield, MI 48076, with her mother, who is being treated for pancreatic cancer.

6.  Plaintiff entered into a mortgage contract with Defendant Countrywide Home Loans. The mortgage was an adjustable rate mortgage which was subject to ongoing increases.

7.  Plaintiff suffered a job loss, but obtained temporary work which enabled her to make some reasonable mortgage payments. Plaintiff contacted Countrywide to request assistance but was told since her employment was not considered permanent Countrywide could not help her at that time.

8.  Defendant Countrywide represented to Plaintiff it would review the file see if any options were available. During this review period in March 2008, Plaintiff obtained permanent employment as a legal secretary.

9.  Plaintiff continued to communicate with Countrywide Home Loans, Inc. emphasizing her change in employment status and ability to pay in an effort to negotiate a loan modification.

10. Defendant Countrywide never did negotiate a modification and instead foreclosed on the home, selling the home at sheriff's sale in August 2008.

11. Throughout the redemption period, Plaintiff continued to communicate with Defendant Countrywide to effectuate a modification or the sale back of the property.

12. Defendant Countrywide. Inc. continued to communicate with Plaintiff with respect to a potential workout or loan modification, even requesting verification of Plaintiff mother's medical condition of pancreatic cancer along with updated financial information.

13. Defendant Countrywide had this information for several months, when Plaintiff was informed they would not be modifying the loan, **not because Plaintiff was ineligible**, but because the home was post-sheriff's sale.

14. Plaintiff inquired of Defendant Countrywide why they could not conduct an affidavit of expungement of Sheriff's deed and proceed with the modification. To date, Defendant Countrywide never gave an explanation, but instead has proceeded with the intent of disposing Plaintiff of her home.

15. Plaintiff inquired as to why her loan could not be modified pursuant to the Michigan Attorney General consent agreement signed October 6, 2008, with Defendant Countrywide Home Loans, Inc. and other affiliates. Defendant Countywide Home Loans did not give an explanation as to why the terms of the consent agreement were not applicable to her loan.

16. Plaintiff also inquired if her loan could be modified given the introduction of various federal plans and programs designed to help homeowners. Plaintiff has not received any assistance.

17. Plaintiff made every attempt to obtain a reasonable modification or workout plan to retain her home as her mother has pancreatic cancer and any move could be fatal to her health.

18. Plaintiff will suffer irreparable harm if she is not afforded an adequate remedy including injunctive relief.

**COUNT I - MISREPRESENTATION**

19. Plaintiff incorporates paragraphs 1-18 above.

20. Defendant Countrywide Home Loans, Inc. made material misrepresentations regarding material information regarding the mortgage transaction including but not limited to promising Plaintiff that her mortgage was being reviewed by Countrywide Home Loans, Inc. for a potential modification or other workout arrangement when in fact Defendant Countrywide had no intent of assisting Plaintiff.

21. Defendant Countrywide made the representations with the intent that the Plaintiff would rely on them so the Defendant Countrywide could make a profit from the transaction including but limited to:

a. Countrywide Home Loans, Inc. could make a larger and quicker profit by foreclosing on Plaintiff's property rather than modifying Plaintiff's loan and engaging in a sale of the property at fair market value.

b. Defendant Countrywide Home Loans intentionally or recklessly misrepresented information regarding loan modification and workout, upon which the Plaintiff relied impairing and frustrating her efforts to retain her home.

22. Defendant Countrywide Home Loans, Inc. knew their representations were false or reckless without knowledge of their truth.

23. Plaintiff did rely on the Defendant Countrywide Home Loans, Inc.'s representations, and because of the representations believed Countrywide Home Loans Inc., were acting in good faith regarding a loan modification or workout. More importantly, Plaintiff

believed Defendant Countrywide Home Loans, Inc. would be complying with the state consent agreement and federal legislation on modifications and workouts.

24. Plaintiff relied on Defendant Countrywide Home Loans, Inc.'s representations to her detriment.

25. As a direct and proximate result of Defendant Countrywide Home Loans, Inc.'s material misrepresentations, Plaintiff has suffered damages including the foreclosure of her home and pain and suffering.

**COUNT II - VIOLATION OF THE HOUSING AND ECONOMIC RECOVERY ACT OF 2008, PL 110-289**

26. Plaintiff incorporates paragraphs 1-25 above.

27. Defendant violated the Housing and Economic Recovery Act of 2008, by refusing to effectuate a reasonable modification on Plaintiff's mortgage loan.

28. Defendant failed to comply with the Housing and Economic Recovery Act of 2008, PL 110-289, Section 1403, by refusing to implement a modification or workout plan when such modification or workout plan would exceed, on a net value basis, the anticipated recovery on the principal outstanding obligation of the mortgage through foreclosure.

29. Defendant failed to comply with the Truth in Lending Act, 15 USC 1639, Section 129A, by refusing to implement a modification or workout plan when such modification or workout plan would exceed, on a net value basis, the anticipated recovery on the principal outstanding obligation of the mortgage through foreclosure.

30. As a result of Defendant's conduct Plaintiff was subjected to home foreclosure and damages associated with the foreclosure including but not limited to loss of her home and pain and suffering.

## COUNT III - BAD FAITH

31. Plaintiff incorporates paragraphs 1-30 above.

32. Defendant owed a duty to Plaintiff to act in good faith and in accordance with applicable law in servicing Plaintiff's loan including discussions regarding modification and ownership of the loan.

33. Defendant acted in bad faith reflected by its arbitrary, reckless and intentional conduct evincing indifference or intentional disregard for the Plaintiff's interests by representing to Plaintiff by,

   a. Representing to Plaintiff modification efforts were being performed.

   b. Failing to effectuate any modification or loss mitigation procedures to enable Plaintiff to retain home ownership

   c. Refusing to communicate with Plaintiff regarding other options including a cash sale.

34. As a result of Defendant's bad faith conduct, Plaintiff suffered damages including but not limited to the loss of her home and pain and suffering.

## COUNT IV - VIOLATION BY DEFENDANT OF ITS CONTRACTUAL OBLIGATION TO MODIFY PLAINTIFF'S LOAN PURSUANT TO THE FEDERAL HOME AFFORDABLE MODFICATION PROGRAM AND THE ECONOMIC STABLIZATION ACT OF 2008

35. Plaintiffs incorporate paragraphs 1-34 above.

36. Defendant Countrywide Home Loans, Inc. is currently the servicer on Plaintiff's mortgage.

37. Defendant Countrywide Homes Loans, Inc. signed a contract with the federal government on April 17, 2009, wherein it agreed to perform loan modifications on all its loans in

accordance with the Home Affordable Modification Program developed by the Secretary of the Treasury pursuant to its mandate under the Economic Stabilization Act of 2008. Defendant will be paid $1,864,000,000.00 for its modification services.

38. Pursuant to this contract with the federal government and Supplemental Directive 1 which was issued by the Secretary of the Treasury and is incorporated into the contract, this duty to modify loans extends to mortgage loans secured by a one-four unit property, that are delinquent or in default, that are not vacant or condemned, that meet a Net Present Test for the modification, and applies to loans currently in foreclosure. Borrowers in active litigation are eligible for the Home Modification Program.

39. Plaintiff meets the criteria for the Home Affordable Modification Program.

40. Despite this fact, Defendant has refused to modify Plaintiff's loan.

Wherefore, Defendant should be ordered to modify Plaintiff's loan in accordance with the federal Home Affordable Modification Program, and stop all foreclosure/eviction proceedings while it is evaluating Plaintiffs' loan pursuant to this program.

**COUNT V - VIOLATION OF MICHIGAN**
**ATTORNEY GENERAL CONSENT AGREEMENT DATED OCTOBER 6, 2009.**

41. Plaintiff incorporates paragraphs 1-40 above.

42. Defendant Countrywide Home Loans, Inc. entered into a consent agreement of Assurance of Voluntary Compliance and Discontinuance with the Michigan Attorney General on October 6, 2008.

43. Under this agreement, Defendant is to review various mortgage loan products including subprime adjustable rate mortgages for modifications.

44. Defendant under the consent agreement submitted to jurisdiction of the courts in the State of Michigan for enforcement of the consent agreement.

45. Defendant has failed to review Plaintiff's mortgage loan pursuant to the terms of the consent agreement.

46. As a result of Defendant's bad faith conduct, Plaintiff suffered damages including but not limited to the loss of her home and pain and suffering.

**RELIEF REQUESTED**

WHERFORE, Plaintiff requests that this Honorable Court:

A. Stay all proceedings for possession including eviction of Plaintiff from property located at 27685 Sutherland, Southfield, MI 48076, pending a resolution of Plaintiff's legal and equitable claims.

B. Set aside sheriff's sale.

C. Declare mortgage foreclosure void based upon the numerous legal violations articulated in Plaintiff's Complaint.

D. Order Defendant to negotiate a loan modification pursuant to federal law and Defendant's consent decree with the Michigan Attorney General.

Respectfully submitted,

*/s/ Vanessa G. Fluker*

Vanessa G. Fluker (P64870)
Vanessa G. Fluker, ESQ., PLLC
Attorney for Plaintiff
2920 East Jefferson, Ste. 101
Detroit, MI 48207
(313) 393-6005

DATED: May 29, 2009

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

Michelle Hart
Michelle Hart

Vanessa G. Fluker
Vanessa G. Fluker (P64870)
Attorney for Plaintiff
2920 E Jefferson Ave Ste 101
Detroit, MI 48207
(313) 393-6005

Subscribed and sworn to before me on
May 29, 2009.
Kristen A. Hamel
Notary Public, Wayne County, MI
My commission expires 03/17/15
Acting in Wayne County, Michigan
Dated: May 29, 2009